IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROLINE MORE,

                        OPINION AND ORDER

          Plaintiff,

                            12-cv-905-bbc

     v.

BISHOP WILLIAM P. CALLAHAN, O.F.M.,
ARCHBISHOP JEROME E. LISTECKI,
MONSIGNOR MICHAEL J. GORMAN,
EDWARD JONES and WILLIAM MOORE,,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     This is a civil action for monetary relief in which plaintiff Caroline More, who is proceeding pro se, is suing defendants for injuries related to sexual assault, libel and slander. She alleges that defendant William Moore sexually assaulted her when she was visiting a Catholic church in La Crosse, Wisconsin and that defendant Edward Jones defamed her by making a false statement to the police. Defendants have responded to plaintiff's complaint by filing motions to dismiss for failure to state a claim upon which relief can be granted. Defendants Callahan, Gorman and Jones contend that plaintiff has failed to allege facts from which it can be inferred that Callahan and Gorman are vicariously liable for the acts of Moore and Jones; or that Jones committed a defamatory act. Dkt. #7. Defendant Listecki contends that plaintiff has not set forth any facts suggesting that he can be joined in the action. Dkt. #10.

1

Having accepted as true all well-pleaded facts in plaintiff's complaint and drawing all inferences in plaintiff's favor, I find that she has stated plausible claims for relief with respect to defendants Callahan, Gorman, Jones and Listecki. Therefore, I am denying both motions to dismiss.

On a separate matter, I note that as a basis for federal jurisdiction plaintiff relies on 28 U.S.C. § 1332, which requires a showing that plaintiff is not a citizen of the same state as any of the defendants and that the amount in controversy is greater than $75,000. Although plaintiff alleges the *residency* of herself and the defendants, she has not identified her own or defendants' *citizenship*. It is the citizenship, not the residency of an individual person that matters for purposes of diversity jurisdiction. Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). As the proponent of federal jurisdiction, it is plaintiff's burden to show that the parties are citizens of different states. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, plaintiff may have until September 30, 2013, in which to file an amended complaint alleging diversity of citizenship between herself and each of the defendants.

Plaintiff fairly alleges the following facts in her complaint.

ALLEGATIONS OF FACT

A.  The Parties

Plaintiff Caroline More is a resident of Minnesota and a lifelong Catholic. During 2010, she practiced her religion on a daily basis at the St. Joseph the Workman Cathedral in La Crosse, Wisconsin.

Defendant William Moore is employed by the cathedral as a janitor and performs duties during weekdays to maintain the facility. Defendant Edward Jones has been employed as the secretary for the cathedral for the past three years. His office is in the rectory, adjacent to the cathedral. Defendant Monsignor Michael Gorman is the former pastor of the cathedral and was responsible for "the interests and activity of this religious entity" during the events in question. Since then he has been named the vicar general of the Diocese of La Crosse. Defendant William P. Callahan, Order of Friars Minor Conventional, is the bishop of La Crosse and has held the title since approximately November 2010. He "governs" the cathedral because it is the "Bishop's church" where "his seat" is located.

Defendant Archbishop Jerome E. Listecki is the ordinary (or leader) for the Archdiocese of Milwaukee and "oversees all four dioceses in Wisconsin in various capacities as 'the Metropolitan' or 'the Province' that is further governed by the Apostolic Nuncio in Washington, D.C. and authorities in Vatican City." Listecki is a former bishop of La Crosse.

B.  The Sexual Assault

At about 2:00 p.m. on Thursday, December 8, 2010, plaintiff entered the St. Joseph Cathedral and encountered defendant Moore, who was mopping floors. Plaintiff had a brief

conversation with Moore and inquired about evening mass. Moore then allowed plaintiff to use his cell phone because she had forgotten hers. In order to maintain silence in the church, plaintiff went to a reception area and made one or two phone calls.

Upon completing her phone calls, plaintiff left her travel case in the reception room and walked back to the section of the cathedral where Moore was mopping floors. Moore raised his hand to take hold of the arm of the plaintiff's coat and began to walk her toward the altar. Plaintiff was unaware of why Moore was holding her sleeve or where they were walking.

Moore guided plaintiff into a hallway, turned to face her and touched her chin. He then moved his hands to grasp them in a locking clasp. (It is unclear from the complaint where Moore positioned plaintiff's hands. Plaintiff alleges that Moore held them behind her back, using his hands to form a fist behind her shoulders as he hugged her. However, plaintiff also alleges that her "arms were extended over Moore's shoulders but were not touching him.") Moore moved his hands to the center of plaintiff's back and relocated his grasp to her lower back. He then pressed his erect penis against plaintiff's torso for about 30 or 40 seconds. Plaintiff turned her face to the right and saw that Moore was holding his mouth partially open in a rounded position as though he were going to kiss her.

Plaintiff broke free from Moore's grasp by arching her back and using her hands to brace herself against his arms. She stood frozen in a state of trauma and shock and was physically dizzy. Plaintiff asked Moore, "Aren't you on a camera?" Moore laughed and said, "Not here." Plaintiff walked briskly to the reception room to retrieve her bag and left the building immediately, using the closest door.

4

### C. The Police Report

On February 17, 2011, plaintiff filed a criminal complaint with the La Crosse Police Department.  Officer Craig Teff interviewed her that afternoon.  He later visited the cathedral and spoke with defendants Moore and Jones.  At some point, Jones told the police that plaintiff had been seen topless at the Shrine of Our Lady of Guadalupe about five miles south of La Crosse.  Although this was untrue, it caused the police department to drop the investigation and Officer Teff to write in his report that "all parties involved were advised to be cautious when dealing with Caroline."

Sometime between November 10 and December 10, 2012, the La Crosse Police Department called to inform plaintiff that it was re-opening the criminal case because it had learned that Moore had a prior second-degree sexual assault conviction that had not been disclosed to it by Moore or the church.

### OPINION

To avoid dismissal for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for plaintiff to plead specific facts but plaintiff must give defendants fair notice of the claims against them and the grounds supporting her claims. Stanard v. Nygren, 658 F.3d 792, 797 (7th Cir. 2011) (citations omitted).  In addition, she must plead enough allegations of fact to make a claim for relief plausible on its face. Aschcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5

reasonable inference that the defendant is liable for the misconduct alleged." Id. However, even in the wake of Iqbal and Bell, the pleading standards for pro se plaintiffs are considerably relaxed. Luevano v. Wal-Mart Stores, Inc., ___ F.3d ___, 2013 WL 3599156, *10 (7th Cir. Jul. 16, 2013) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Pro se complaints are construed liberally and held to less stringent standard than formal pleadings drafted by lawyers. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011). Plaintiff need only "give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

### A. Motion of Defendants Callahan, Gorman and Jones: Defamation

Plaintiff alleges that defendant Jones's false statement "influenced the police department because the investigation was not only pursued no further (at the time). . . [sic] but there is a final sentence drafted by Officer Teff" advising others to be cautious when dealing with her. Plt.'s Cpt., dkt. #2, at ¶ 22. She then alleges that "This public comment damaged the Plaintiff's reputation, was unwarranted, and could only be a direct result from illicit ideas supplanted and offered by Defendant Jones." Id. Defendants argue that plaintiff has failed to state a claim against Jones because 1) plaintiff alleges that it was Officer Teff's comment, and not Jones's comment, that damaged her reputation; and 2) plaintiff does not allege that Jones knowingly made a false statement to Officer Teff or made his statement with malice.

Defendants' first argument is unpersuasive. A fair reading of plaintiff's allegations is that she is claiming that Jones's allegedly false statement damaged her reputation, specifically with the police department, which decided not to investigate her complaint of sexual assault. It is

reasonable to infer that plaintiff recounted Officer Teff's statement in an effort to show how Jones's statement influenced the police investigation.

In support of their second argument, defendants point to Wisconsin's rule with respect to statements made to law enforcement officers. Under that rule, any such statements "fall within the ambit of conditionally privileged statements, provided, however, that the damaging remarks are made in good faith without malice." Bergman v. Hupy, 64 Wis. 2d 747, 751, 221 N.W.2d 898 (1974) (quoting Lisowski v. Chenenoff, 37 Wis. 2d 610, 627, 628, 155 N.W.2d 619, 628 (1968)). Although defendants are correct, their argument constitutes a defense to plaintiff's claim of defamation. Because the privilege that defendants claim is conditional, her claim remains viable if she is able to prove on summary judgment or at trial that Jones acted in bad faith or with malice.

Under Wisconsin law, the elements of defamation include the following: (1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed; and (3) that is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her. In re Storms v. Action Wisconsin Inc., 2008 WI 56, ¶ 37, 309 Wis. 2d 704, 750 N.W.2d 739. Plaintiff has provided defendant Jones sufficient notice of the claim against him by identifying the defamatory words, the surrounding circumstances and the harm she suffered. Although she did not allege specifically that Jones acted in bad faith, it is possible to infer this from the circumstances described in the complaint. For example, plaintiff accuses Jones of offering "illicit ideas," which indicates that plaintiff believes that Jones was trying to harm her. Defendants have failed to cite any support for their assertion that plaintiff must allege malice

or bad faith with greater particularity. As a result, their motion to dismiss the defamation claim is denied.

B. Motions of Defendants Callhan, Gorman, Jones and Listecki: Vicarious Liability

Although defendant Listecki his own motion, independently of defendants Callahan and Gorman, they all contend that plaintiff identifies them only by their religious leadership roles within the church and does not specify what claims or legal theories she is asserting against them. They argue that even assuming that defendant Moore assaulted plaintiff and defendant Jones defamed her, those intentional torts do not establish personal liability on the part of defendants Callahan, Gorman or Listecki. Citing the State of Wisconsin's Department of Financial Institution's website to show that the cathedral is a corporation, defendants contend that an agent of a corporation is not personally liable for torts of the corporation or its agents merely because he holds corporate office. 3A W. Fletcher, Cyclopedia of the Law of Private Corporations § 1137 (1975). I have not considered this last argument because it raises matters outside the pleadings. Albany Bank & Trust Co. v. Exxon Mobil Corp., 310 F.3d 969, 971 (7th Cir. 2002) (party may not raise matters outside pleadings on Rule 12(b)(6) motion unless court converts motion to one for summary judgment).

Although a person is generally liable only for his or her own torts, the law will apply vicarious liability under certain circumstances. Kerl v. Dennis Rasmussen, Inc., 2004 WI 86, ¶ 17, 273 Wis. 2d 106, 682 N.W.2d 328; Lewis v. Physicians Insurance Company of Wisconsin, 2001 WI 60, ¶ 11, 243 Wis. 2d 648, 627 N.W.2d 484. For example, the doctrine of respondeat superior assigns vicarious liability to an employer for the torts of its employees acting within the

scope of their employment. Javier v. City of Milwaukee, 670 F.3d 823, 828 (7th Cir. 2012) (citing Kerl, 273 Wis. 2d 106, 682 N.W.2d at 333–37; Restatement (Third) of Agency § 7.07 (2006)).

"A prerequisite to vicarious liability under respondeat superior is the existence of a master/servant relationship." Kerl, 273 Wis. 2d 106, ¶ 18. Although vicarious liability typically arises in the employer-employee relationship, it is not confined to this type of agency. Id. at ¶ 22. "A servant need not be under formal contract to perform work for a master, nor is it necessary for a person to be paid in order to occupy the position of servant." Id. Further, "multiple factors may be considered in determining whether a master-servant relationship exists," with the right to control being the dominant test. Petzel v. Valley Orthopedics Ltd., 2009 WI App 106, ¶ 16, 320 Wis. 2d 621, 770 N.W.2d 787 (citing Pamperin v. Trinity Memorial Hospital, 144 Wis. 2d 188, 199, 423 N.W.2d 848, 852 (1988)).

In her complaint, plaintiff alleges that defendants Jones and Moore are employed by St. Joseph's Cathedral and that Gorman was responsible for "the interests and activity" of the cathedral; Callahan "governs" the cathedral; and Listecki oversees the diocese in which St. Joseph's is located. She also alleges that Jones may have been speaking on behalf of other church administrators. Plt.'s Cpt., dkt. #2, at ¶ 18. Given the various factual considerations relevant to the master-servant relationship analysis and the liberal pleading standards for pro se plaintiffs, it reasonable to infer from plaintiff's allegations that defendants Moore and Jones were under the control and supervision of defendants Callahan, Gorman and Listecki.

Defendants Callahan and Gorman make the additional argument that defendant Moore's alleged assault of plaintiff was too attenuated from his employment as a janitor to establish

9

liability under respondeat superior. The Wisconsin Supreme Court has held that "[c]onduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." Scott v. Min-Aqua Bats Water Ski Club, Inc., 79 Wis. 2d 316, 321, 255 N.W.2d 536, 538 (1977). Plaintiff has alleged that Moore sexually assaulted her while performing his duties as a janitor at the cathedral. Although I agree with defendants that it is difficult to imagine how sexual assault could be authorized by his employer or actuated by Moore's purpose to serve his master, those questions necessarily raise matters outside the pleadings and involve an analysis of Moore's purpose and intent, which is best dealt with at summary judgment or trial.

Because plaintiff has alleged enough facts to permit the court to infer that Callahan, Gorman and Listecki could be held vicariously liable for the actions or Moore and Jones, their motions to dismiss these claims will be denied.

In her response briefs, plaintiff explains that she is basing her claims against Callahan, Gorman and Listecki at least in part on a theory of negligent hiring and supervision. Dkt. #25 at 1; dkt. #26 at 2, 6-7. A claim for negligent hiring or supervision is based on agency principles and is separate from a claim for vicarious liability, which is based in tort. L.L.N. v. Clauder, 209 Wis. 2d 674, 699 n.21, 563 N.W.2d 434, 445 n.21 (1997). To state such a claim, plaintiff must establish that (1) the employer had a duty of care owed to the plaintiff; (2) the employer breached its duty; (3) a wrongful act or omission of an employee was a cause-in-fact of the plaintiff's injury; and (4) an act or omission of the employer was a cause-in-fact of the wrongful act of the employee. John Doe 1 v. Archdiocese of Milwaukee, 2007 WI 95, ¶ 16, 303 Wis. 2d 34, 50-51, 734 N.W.2d 827, 834 (discussing negligent supervision). "Liability does not result

solely because of the relationship of the employer and employee, but instead because of the independent negligence of the employer." L.N.N., 209 Wis. 2d at 699 n.21 (citing Restatement (Second) of Agency § 213 cmt. d). An employer is liable for negligent hiring or supervision only if he knew or should have known that his employee would subject a third party to an unreasonable risk of harm. Id.

It is unreasonable to infer from the minimal allegations in plaintiff's complaint that she is attempting to state such a claim. For example, she fails to allege that defendants Callahan, Gorman and Listecki hired Moore and Jones, had responsibility for them and acted negligently in supervising their activities or had reason to know about Moore's past sexual assault conviction. Plaintiff cannot add allegations or claims to a case by asserting them for the first time in a brief filed in opposition to defendants' motion to dismiss. In order to add such claims, she must amend her complaint to add the proper allegations.

ORDER

IT IS ORDERED that

1. The motions to dismiss filed by defendants William Callahan, Michael Gorman and Edward Jones, dkt. #7, and defendant Jerome Listecki, dkt. #10, are DENIED; and

2. Plaintiff Caroline More may have until September 30, 2013, in which to file an

amended complaint that alleges diversity of citizenship between herself and defendants.

Entered this 3d day of September, 2013.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge