IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROLINE MORE,

                                                                        OPINION AND ORDER

           Plaintiff,

                                                                         12-cv-905-bbc

      v.

BISHOP WILLIAM P. CALLAHAN, O.F.M.,
ARCHBISHOP JEROME E. LISTECKI,
MONSIGNOR MICHAEL J. GORMAN,
EDWARD JONES and WILLIAM MOORE,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROLINE MORE,

                                                                        OPINION AND ORDER

           Plaintiff,

                                                                         13-cv-846-bbc

      v.

ST. JOSEPH THE WORKMAN CATHEDRAL
PARISH, DIOCESE OF LACROSSE ATTORNEY
JAMES BIRNBAUM, LA CROSSE POLICE
DEPARTMENT and OFFICER CRAIG TEFF,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In these civil actions for monetary relief, plaintiff Caroline More, who is proceeding pro se, is suing defendants for injuries related to sexual assault, libel and slander. In both cases she alleges that defendant William Moore sexually assaulted her when she was visiting

1

the St. Joseph the Workman Cathedral Parish in La Crosse, Wisconsin, and that defendant Edward Jones defamed her by making a false statement to defendant Officer Craig Teff. Plaintiff has sued defendants Bishop William Callahan, Archbishop Jerome Listecki, Monsignor Michael Gorman, St. Joseph the Workman Cathedral Parish and the Diocese of La Crosse Attorney James Birnbaum for negligence related to the alleged sexual assault. She is suing defendants Teff and La Crosse Police Department for defamation related to information included in the incident report on the assault.

Three matters are before the court: (1) a motion to consolidate the cases under Fed. R. Civ. P. 42(a) filed by defendants Callahan, Gorman and Jones in case no. 12-cv-905-bbc, dkt #54, and by defendants Birnbaum and St. Joseph in case no. 13-cv-846-bbc, dkt. #5; (2) a motion to compel discovery filed by defendants Callahan, Gorman and Jones in case no. 12-cv-905-bbc, dkt. #56; and (3) defendant Birnbaum's motion to dismiss and alternative motion for more definite statement in case no. 13-cv-846-bbc, dkt. #7. Defendant Teff and the City of La Crosse (on behalf of defendant La Crosse Police Department) have responded to the motion to consolidate in case no. 13-cv-846-bbc. Defendants have not otherwise joined or responded to each other's motions, and plaintiff has not responded to any of the motions.

Three initial matters deserve attention before I turn to the merits of defendants' motions. First, plaintiff advised the court on April 23, 2014 that she had been hospitalized at the Winnebago Mental Health Institute since April 14, 2014, but would be released within two weeks. Case no. 12-cv-905-bbc, dkt. #58. Plaintiff asked for an extension of her

2

response deadlines on defendants' pending motions and stated that she needed more time to respond to the discovery requests. The court extended plaintiff's response deadlines until May 15, 2014. Id., dkt. #59. Plaintiff has not responded to the pending motions or informed the court of her current whereabouts. Although it is possible that plaintiff is still hospitalized, it is her responsibility to notify the court of that fact. As a result, I must consider defendants' motions unopposed.

Second, I note that the City of La Crosse has noted correctly that defendant La Crosse Police Department is not a suable entity. Under Fed. R. Civ. P. 17(b), state law determines whether a particular entity has the capacity to be sued. As other courts have recognized, Wisconsin municipalities may be sued, Wis. Stat. § 62.25, but individual agencies and departments, including police departments, may not. Lawrence v. Lewandowski, 2009 WL 2950611, *7 (E.D. Wis. Sept. 9, 2009) (dismissing Wauwatosa police department as defendant and substituting City of Wauwatosa); Calmese v. Fleishauer, 2006 WL 3361204, *3 (W.D. Wis. Nov. 17, 2006) (dismissing Madison Police Department as defendant). See also Best v. City of Portland, 554 F.3d 698 (7th Cir. 2009) (Indiana Police Department not suable entity under § 1983); Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997) (Chicago Police Department not suable entity). Litigants seeking redress for wrongs committed by the police must sue either the officers who violated their rights or the municipality exercising authority over the police department. In case no. 13-cv-846-bbc, the City of La Crosse accepted service and filed an answer on behalf of defendant La Crosse Police Department, stating that it was denominated incorrectly in the complaint

as the La Crosse Police Department, a non-suable entity. Dkt. #12. As a result, I will substitute the City of La Crosse for the La Crosse Police Department as the appropriate defendant in case no. 13-cv-846-bbc.

Third, a review of the complaints in the two actions reveals that plaintiff has alleged only the residency and not the citizenship of defendants Callahan, Listecki, Gorman, Jones, Moore, Birnbaum or Teff. For purposes of diversity jurisdiction, it is an individual's domicile and not residency that determines citizenship. Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Domicile is where an individual has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994). See also Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); Guaranty National Title Co. v. J.E. G. Associates, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning party's "residency" are not proper allegations of citizenship). Plaintiff must advise the court of the individual defendants' domicile rather than their residence. Plaintiff may submit an affidavit or a stipulation with the necessary information.

For the reasons stated below, I am consolidating the cases for purpose of discovery and granting defendants' motion to compel filed in case no. 12-cv-905-bbc. I am denying defendant Birnbaum's motion to dismiss and granting his alternative motion for a more definite statement. Plaintiff may have until July 11, 2014, in which to file her responses to

4

defendants' discovery requests, identify the citizenship of each of the individual defendants in both actions and allege specific facts against defendant Birnbaum that provide him notice of plaintiff's claims against him.

OPINION

A. Motion to Consolidate

Under Fed. R. Civ. P. 42(a), courts may consolidate or join for hearing or trial separate actions involving a "common question of law or fact" that are pending before it. "It is within the court's broad managerial discretion to prevent 'unnecessary duplication of effort in related cases' through consolidation or other means." SanDisk Corp. v. Phison Electronics Corp., 538 F. Supp. 2d 1060, 1068 (W.D. Wis. 2008) (quoting E.E.O.C. v. G-K-G, Inc., 39 F.3d 740, 745 (7th Cir. 1994)).

Because the allegations and causes of action are the same in both actions brought by plaintiff, defendants Callahan, Gorman, Jones, Birnbaum and St. Joseph (the church defendants) have asked the court to consolidate the cases in the interests of judicial economy and convenience to the parties. Defendant Teff and the City of La Crosse (the city defendants) have filed a memorandum stating that although they agree it is appropriate to consolidate the lawsuits for purposes of discovery, a joint trial would confuse the jury and prejudice the city defendants who were not involved in the alleged sexual assault. Dkt. #17. The city defendants ask that the court deny the motion to consolidate the actions for trial and reconsider the issue after summary judgment. Because the church defendants have agreed to this proposal and because consolidation for the purposes of discovery will prevent

5

unnecessary duplication of effort in these cases, I will grant the church defendants' motion to consolidate only with respect to discovery at this time. Dkt. #17 at 2.

### B. Motion to Compel

Defendants Callahan, Gorman and Jones have filed a motion under Fed. R. Civ. P. 37 to compel plaintiff to respond to their first set of interrogatories and requests for production of documents, which they served on plaintiff on February 20, 2014 in case no. 12-cv-905-bbc. Plaintiff's responses were due March 24, 2014, but despite defendants' attempt to contact her on April 7, 2014, plaintiff did not respond. In an order entered on April 23, 2014, the court required plaintiff to file her response in opposition to the motion to compel by May 15, 2014 or to provide the requested discovery no later than May 30, 2014. Plaintiff has not complied with this order.

Accordingly, the court will grant defendants' motion to compel discovery. Plaintiff shall provide her answers to interrogatories and responses to requests for production of documents no later than July 11, 2014. Failure to do so shall result in sanctions under Fed. R. Civ. P. 37(b), which may include the entry of default judgment in favor of defendants Callahan, Gorman and Jones. Because defendants have not asked that plaintiff pay their expenses incurred in bringing their motion, I am not awarding such relief.

### C. Motion to Dismiss and Motion for Definite Statement

Defendant Birnbaum has filed a cursory motion in which he states that this court lacks subject matter jurisdiction; he received insufficient service of process; and plaintiff has

failed to allege any basis on which relief could be granted against "Diocese of La Crosse, James G. Birnbaum." Dkt. #7. Because defendant has failed to develop any meaningful argument with respect to this motion, it will be denied. Jordan v. Binns, 712 F.3d 1123, 1134 (7th Cir. 2013) (undeveloped arguments are considered waived). In the alternative, defendant moves for a more definite statement, asking that plaintiff identify whether her complaint is against Birnbaum as an individual or the Diocese of La Crosse or both and state her theories of liability.

In her complaint filed in case no. 13-cv-846-bbc, dkt. #1, plaintiff named "Diocese of Lacrosse Attorney James Birnbaum" as a defendant and stated that she was bringing a complaint against "members of the Diocese of La Crosse including Bishop William P. Callahan . . . in concert with his alleged legal advisor for the Diocese of La Crosse James G. Birnbaum." She also states that "Defendant James Birnbaum was retained and either served this religious entity as a paid advisor or volunteered his service as a lawyer." Therefore, it appears that plaintiff is suing Birnbaum and not the diocese. However, because plaintiff has not alleged any facts with respect to Birnbaum's involvement in her case, I will order her to provide a more definite statement under Rule 12(e). Again, her deadline for doing so is July 11, 2014. On or before that date, plaintiff shall allege specific facts against defendant Birnbaum that provide him with notice of plaintiff's claims against him. Failure to do so shall result in dismissal of the complaint against defendant Birnbaum.

ORDER

IT IS ORDERED that

1. The motion to consolidate filed by defendants William Callahan, Michael Gorman and Edward Jones, case no. 12-cv-905-bbc, dkt. #54, and defendants Birnbaum and St. Joseph in case no. 13-cv-846-bbc, dkt. #5, is GRANTED with respect to discovery and DENIED without prejudice in all other respects.

2. The motion to compel filed by defendants Callahan, Gorman and Jones in case no. 12-cv-905-bbc, dkt. #56, is GRANTED. Plaintiff Caroline More shall provide her answers to interrogatories and responses to requests for production of documents no later than July 11, 2014.

3. Defendant James Birnbaum's motion to dismiss, case no. 13-cv-846-bbc, dkt. #7, is DENIED. The alternative motion for a more definite statement is GRANTED. Plaintiff shall identify specific allegations against defendant Birnbaum no later than July 11, 2014.

4. No later than July 11, 2014, plaintiff shall submit verification, in the form of an affidavit or stipulation, of the citizenship of defendants Callahan, Listecki, Gorman, Jones, Moore, Birnbaum and Teff.

Entered this 25th day of June, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge