IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROLINE MORE,

                                                                               ORDER

                 Plaintiff,

                                                             13-cv-846-bbc

      v.

ST. JOSEPH THE WORKMAN CATHEDRAL
PARISH, JAMES BIRNBAUM, CITY OF
LA CROSSE and OFFICER CRAIG TEFF,[1]

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROLINE MORE,

                                                                              ORDER

                 Plaintiff,

                                                             12-cv-905-bbc

      v.

BISHOP WILLIAM P. CALLAHAN, O.F.M.,
ARCHBISHOP JEROME E. LISTECKI,
MONSIGNOR MICHAEL J. GORMAN,
EDWARD JONES and WILLIAM MOORE,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In these civil actions for monetary relief, plaintiff Caroline More, who is proceeding

pro se, is suing defendants for injuries related to sexual assault, libel and slander.  Defendants

---

[1] Defendant James Birnbaum is no longer parties to this case.  Dkt. #32.  I will assume that his inclusion in this caption is simply an oversight.

St. Joseph the Workman Cathedral Parish, City of La Crosse and Officer Craig Teff in case no. 13-846 have moved to dismiss the claims against them for lack of subject matter jurisdiction on the ground that there is no diversity jurisdiction because plaintiff and all of the defendants are citizens of Wisconsin. Dkt. #33. Specifically, defendants contend that when plaintiff filed this lawsuit in December 2013, she was domiciled in Wisconsin and not Minnesota as she claimed. Although defendants cite several facts in support of their argument, plaintiff has opposed the motion with her own facts and claims that she always has had the intent to live in Minnesota (even though she has resided in Wisconsin at various times before and after filing this lawsuit). Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012) (domicile is "the state in which a person intends to live over the long run"). Plaintiff appears to have an equivalent number of ties to the states of Minnesota and Wisconsin. Because the resolution of plaintiff's domicile requires the court to make findings of fact and credibility, a hearing will be necessary.

Defendants in case no. 12-cv-905 Bishop William P. Callahan, Archbishop Jerome Listecki, Monsignor Michael Gorman, Edward Jones and William Moore have not challenged the court's subject matter jurisdiction, but a finding concerning plaintiff's domicile in the other case would affect the court's jurisdiction in this case as well. Arbaugh v. Y & H Corporation, 546 U.S. 500, 501 (2006) (court has independent obligation to ensure that subject matter jurisdiction exists). Therefore, the defendants in case no. 12-905 are invited to participate in the hearing, which also will address plaintiff's domicile on December 7, 2012, when she filed her complaint in that case.

2

At the hearing, the court will hear evidence concerning where plaintiff was domiciled on December 7, 2012 and December 9, 2013, when she filed her complaints in case nos. 12-905 and 13-846. The court will not allow any party to address the merits of plaintiff's claims. Plaintiff should be aware that she has the burden of establishing diversity jurisdiction, meaning that she must present evidence showing that she was a citizen of Minnesota at the time she filed both lawsuits. If plaintiff fails to appear or present sufficient evidence that Minnesota is her domicile, both of plaintiff's lawsuits will be dismissed for a lack of diversity jurisdiction.

To determine domicile or where an individual intends to make her home, courts look for objective manifestations of intent such as where the individual is employed and registered to vote; where she exercises civil and political rights; where she pays taxes and receives mail; the location of her bank accounts, personal property and any land she owns; and whether the individual belongs to any clubs or organizations in a particular state. O'Neal v. Atwal, 425 F. Supp. 2d 944, 947 (W.D. Wis. 2006) (citing 15 Moore's Federal Practice § 102.36[1] (3d ed. 2005)). Also, an individual's statement that he intends to remain indefinitely in a particular state is given some weight. Id. A person's domicile continues until the individual adopts a new domicile by moving to another state and demonstrating her intent to remain in that new state indefinitely. Id. (citing Kaiser v. Loomis, 391 F.2d 1007, 1009 (6th Cir. 1968).

3

ORDER

IT IS ORDERED that plaintiff Caroline More is to appear at a hearing at 9 a.m. on December 12, 2014 to show cause why these cases should not be dismissed for lack of diversity jurisdiction.

Entered this 2nd day of December, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4