IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROLINE MORE,

                                                  ORDER

                Plaintiff,

                                           12-cv-905-bbc

        v.

WILLIAM MOORE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court are motions in limine filed by the parties in anticipation of the trial on April 6, 2015. Defendant has moved to preclude plaintiff from offering evidence of any prior arrests, convictions or proceedings against him, arguing that they are irrelevant under Fed. R. Evid. 402, they constitute impermissible character evidence prohibited by Fed. R. Evid. 404 and their prejudicial effect outweighs any probative value they may have under Fed. R. Evid. 403. Dkt. #106. Plaintiff has not responded to the motion, but she has filed a similar motion in limine of her own, asking the court to exclude any evidence of "other complaints, arrests, convictions or proceedings against her that are not related to this action." Dkt. #124. Defendant has moved to strike that motion, along with plaintiff's proposed voir dire, as untimely. Dkt. #126.

Because neither party has identified any specific prior act or the purpose for which they may seek to use such evidence, both motions are premature and essentially ask that the

court follow the federal rules of evidence.  The court will be prepared to rule at trial on the admissibility of any prior act evidence that the parties may seek to introduce.  Accordingly the motions in limine will be denied, but the parties may raise any objections that they may have to prior acts evidence at trial.  Defendant's motion to strike plaintiff's motion in limine will be denied as unnecessary.

Although defendant also asks the court to strike as untimely a statement of the case and four voir dire questions proposed by plaintiff, there is no reason to believe that defendant will suffer any prejudice if the court considers the submission.  Defendant may raise any specific objections he may have to the proposed voir dire during the final pretrial conference on April 6, 2015.

Finally, in a motion filed today, plaintiff has asked the court to issue subpoenas for several witnesses, "all documents with connection to police conviction or contact from the La Crosse Police Department" and her medical and billing records from the Gundersen Lutheran Health System.  Dkt. #135.  She also requests a copy of "the complete floor plan or rendering" of the cathedral.  Id.

As I explained in my March 20, 2015 order, plaintiff's deadline for naming witnesses and requesting subpoenas expired on March 16, 2015.  With respect to the police and medical records that plaintiff requests, it is simply too late for plaintiff to subpoena them and receive them in time for trial on Monday.  The parties had more than a year of discovery during which to request and obtain the documents that they believed relevant to their case.  Dkt. #53 (Feb. 12, 2014 order setting discovery cutoff deadline of Feb. 20, 2015).  Further,

2

it is questionable whether plaintiff would be able to introduce the police reports or medical records into evidence because they require authentication and likely contain inadmissible hearsay evidence.

For plaintiff's sake, I note that defendant's exhibit list includes various La Crosse Police Department reports, the floor plan of the cathedral and plaintiff's Gundersen Health System medical records.  Dkt. #130.  In a letter dated March 30, 2015, defendant notified the court that he attempted to provide plaintiff with a copy of all of the trial exhibits but received notice from the Dane County jail, where plaintiff is housed, that the number of documents was too voluminous to deliver to plaintiff.  Dkt. #129.  In a letter to plaintiff on the same day, defendant's counsel advised plaintiff to contact his office if she would like to receive a copy of any of the documents on the exhibit list, otherwise copies would be made available at the pretrial conference on April 6, 2015.  Id., exh. 1.  Accordingly, plaintiff will have the opportunity before trial on Monday, April 6, to review many of the records that she has requested in her motion in limine.


ORDER

IT IS ORDERED that:

1.  Plaintiff Caroline More's motion in limine, dkt. #124, is DENIED.

2.  Defendant William Moore's motion in limine, dkt. #106, and motion to strike, dkt. #126, are DENIED.

   3.  Plaintiff's motion for clarification, subpoenas and copies of records, dkt. #135, is DENIED.

   Entered this 1st day of April, 2015.

                  BY THE COURT:

                  /s/

                  _____
                  BARBARA B. CRABB
                  District Judge